Ruffin, Chief Justice,
after stating the case as above, proceeded: On the part of the defendant, it has been contended that there ought to be a venire de novo, because it is obvious that there was no evidence applicable'to the first count, and because, upon the second count, the damages assessed could be prop'er only in the case, that the plaintiff was the owner in fee of the land, and had been deprived, by means of the defendant’s conduct, both of the possession and property in it— neither of which circumstances appear to have existed,
The Court, however, is of opinion that the judgment cannot be reversed upon those grounds^ It has been repeatedly declared by the Court, that every presumption is to be made in favour of the verdict of the jury and of the correctness of . c the instructions of the Court. Hence, the want ot a case, stated in the record, sufficient to authorize the verdict or give to op™0118 delivered by the Judge, does not per se render the judgment erroneous. It is deemed right until the contrary appear; and therefore the record must set out such *309 of the proceedings at the trial as will shew affirmatively that there was no error; otherwise, it must necessarily be affirmed. Pickett v. Pickett, 3 Dev. Rep. 7—Atkinson v. Clarke, 3 Dev. Rep. 171. If the facts, deemed bythe counsel for the defendant essential to the correctness ofthe verdict, be really” and legally so, then it must be presumed that they were prov-edybecause it cannot be supposed the verdict would have been rendered without such proof — so we must likewise determine with respect to the Judge’s charge. In itself, indeed, it is r o o 7 7 obviously correct, that it must be assented to by every one — that the plaintiff was entitled to recover all the damages he had actually sustained.” The error, if any, consists in stating to the jury, that in this case, the plaintiff could not recover the whole value of the land, because he had not his estate in, or his possession of, the land. But it in manner appears that the plaintiff had not sustained those injuries; and it is not in the power of this Court to assume that he had not, the verdict to the contrary notwithstanding, Whatever the right of the defendant may, therefore, been iii this respect, we are by reason of his own defective L ' J . stateraent of the proceedings at the trial, unable to assist him-
Thecases», Rep/
0ouü,e«poa jDri°lIij’"ir is very fact necessary to support a on a motion rostra n-ed from pre -suming or ny matter .of not found in tiff cannot menuínitfs hUpieSt-in ings such justice3 and tVhimtoit"
*309 In anticipation of this opinion of the court, upon the tion for a new trial, the counsel for the defendant also 7 ed that the judgment ought to have been arrested, and ed the court to reverse the judgment, and now arrest it.— Upon this motion, our opinion is with the defendant. And here it is to be remarked, that while upon the former tion the court was bound to presume every fact necessary support the verdict, we áre, in this stage of the case, ed from presuming or admitting any matter of substance not found in the record. The plaintiff cannot have a judgment, unless he allege in his pleadings such facts as, in justice and in law entitle him to it. Here the case of the plaintiff, stated in the declaration, is, in our opinion, radically tj„e
The verdict is entered generally upon both eounts; and, therefore, if either be defective, the plaintiff cannot have judgment. We think, indeed, that both counts are bad.— •The first count was intended to be for a malicious and *310 cessive levy and sale by the defendant as a constable. It ^oes not sPecify things levied on or sold, but simply al- ’ ■' ' ' ’ " ' ' ' 1 ' ' ‘ ' -•' and leges that the defendant seized and took into execution sold “the property” of the plaintiff to a greater value than the debts, when he well knew that a part of the property, so taken, was sufficient to satisfy the debts and other sums to be raised on the executions. It is observable, first, that the property levied on and sold, may have been real or person-If the former, then the plaintiff, sustained no injury by the acts of the defendant, because neither the levy nor sale by a constable can divest the owner of land of his title, or disturb his possession. The sale would be merely void, and work no injury to the plaintiff. Next, if the property be admitted to have been personalty, then there is no a'rerment that it was not an entire thing, or that there were, at the time of the levy, other goods or chattels of the plaintiff in such different and distinct parcels or kinds, that the might have taken a reasonable part thereof, and not the thing which he did take and which was of greater value than the sums to be raised. The plaintiff cannot eom-plain that the officer seizes an article of greater value than the debts and sold it, unless he shews, farther, that it was divisible, or thctt the officer had notice that there were other articles existing separately, and nearer in value to the money to be raised. It is not a wrong in an officer to levy on the only thing known to him as belonging to the debtor, whatever may be its value. But not to insist on defects in the first count — on which probably no evidence was given — we will consider the next, on which the evidence was given, and which, therefore, involves the merits of the controversy.
two'coums fective; and be3 entered generaiiy the plaintiff judgment J"
Not to speak of the imperfect and inartificial statements, in several respects, of the second count, in point of form, it is sufficient to say, that, in point of substance, it is essentially insufficient, in not stating an eviction of the plaintiff or some disturbance by the defendant, or by some person deriving a title under the sheriff’s sale and conveyance. Supposing that we may understand, by the words “made title thereto to the purchaser,” that the sheriff had sold and conveyed the land in a valid manner; yet it must appear that some person *311 in particular, claiming and getting title by virtue of the iff’s deed, turned or kept the plaintiff out of possession, at the least. It may be sufficient, in the case of personal chattels, to state the levy and sale, as the means whereby the injury accrued; because by the sheriff’s seizure the owner lost his possession, and by the sale was finally divested of his interest. But it must be otherwise with respect to land. The mere levy, sale and conveyance can never, by themselves, constitute an injury. They may possibly form a cloud over the plaintiff’s title; but they do not interfere with, his enjoy-. ment of the property, unless the purchaser asserts and acts on his title by taking possession under it. The purchaser may have been the agent of the plaintiff; and have bought in trust for him. In fine, unless the plaintiff has been disturbed, however serious the injury meditated by the defendant, none has been really inflicted on the plaintiff nor loss sustained by him. It will be time enough to ask that the defendant shall pay him for his land, when he shews that he has lost it in consequence of the defendant’s acts. The judgment must be reversed with costs to the defendant.
Per Curiam. Judgment arrested.